JOHN V. C. BARBER v. THE TOWNSHIP OF DELAWARE.

Submitted April 3, 1908—Decided June 8, 1908.

Under the Road act (*Gen. Stat., p.* 2803 *et seq.*), upon proceedings taken for the opening of a new road through private property for public use, the award to the landowner for land taken is due at the date fixed in the return of the surveyors for the opening of the road, and the right of such landowner to the award, when

fixed by the making and recording of such return either in the absence of a caveat, or by direction of the court after overruling a caveat, cannot be defeated by any subsequent proceedings to vacate such new road, and may be enforced by *mandamus*.

On application for *mandamus* to compel township authorities to raise and pay award for opening of a new public road.

Before Justices REED, PARKER and VOORHEES.

For the prosecutor, *Richard S. Kuhl*.

For the defendants, *Harry L. Stout*.

The opinion of the court was delivered by

PARKER, J.   This is an application for a writ of *mandamus* to compel the proper authorities of the township of Delaware, in the county of Hunterdon, to raise and pay to the prosecutor the sum of $100, claimed to have been awarded to him for the taking of his lands for a new public road in said township. From the stipulation of facts submitted and the admissions in the briefs of counsel, the case having been submitted without oral argument, it sufficiently appears that under and by virtue of the Road act (*Gen. Stat., p.* 2803) the usual application of ten freeholders for the opening of the road in question was presented to the Court of Common Pleas of Hunterdon in April, 1902; that said court appointed the surveyors of highways as required by law, and that their return was filed on May 9th following.   A caveat was filed by some person not named in the stipulation, but was not followed up by any application at the next or any subsequent term for the appointment of freeholders to review the matter, as provided in the statute, and finally the prosecutor took a rule to show cause why the caveat should not be dismissed, and on September 12th, 1906, the caveat was dismissed, presumably for lack of prosecution, and the return was recorded.   The stipulation of facts does not show the contents of the return, or what, if any, day was fixed therein for the opening of the road;

but as it is distinctly admitted that all these proceedings were regular, it is evident that some day was fixed for such opening.

The respondents, conceding everything above stated, resist the payment of the award by reason of the facts that after the prosecutor had made a written demand for payment of his award proceedings were taken in February of the current year to vacate the road; surveyors were appointed, and met, and made a return recommending vacation, to which the prosecutor has filed a caveat, on which he should proceed at the current April term of court. Respondents' claim, as we understand it, is that these new proceedings are sufficient to justify a refusal of the writ now asked for until the determination of the caveat, and if the road is finally vacated, they claim the effect of such vacation will be to cancel the award altogether.

We do not so understand the law.

It is true that in absence of statutory provision to the contrary, the condemning party may abandon the proceedings at any time before the right of the owner to compensation has become complete. 15 *Cyc.* 935. And in cases where the compensation or damage is ascertained by an independent body, as commissioners or a jury, a reasonable time will be allowed in which to decide whether to take the property at the price or abandon the proceeding. *Mabon* v. *Halsted,* 10 *Vroom* 640; *O'Neill* v. *Freeholders,* 12 *Id.* 161. But when the right of the owner to compensation has once become fixed there can be no further election. *Mabon* v. *Halsted, supra; In re Water Commissioners,* 2 *Vroom* 72.

In a road case the surveyors act both as the agents of the public to report on the advisability of opening the road, and as the appraisers to determine the amount to be paid for the public easement in the land. Hence there may be some doubt whether any right of abandonment exists after the return is filed, in the absence of a caveat against it. This case, however, does not present that question. The return was filed, containing the award in question. Caveat was filed and adjudicated on by the court, and the return ordered recorded.

This completed the proceedings, so far as concerned the taking of the lands. The rest was merely the preparation of the land for public use as a road. By section 8 of the act the road laid out in the return and recorded shall be a lawful highway from the time appointed in the return for the opening of the same.

It will thus be seen that with the recording of the return by direction of the court the rights of the parties became fixed; that of the public, to the land for the road, subject only to the payment of the award as a condition precedent, as provided in section 19, and the right of the owner to receive his compensation. It is true that by that section the road may not be opened till the damages are paid, but the remaining rights of the owner in the land are a mere possession lien for the amount of the award, and he is in no way estopped from enforcing the payment of the award by action. This very situation existed in *Miller* v. *Bridgewater Township,* 4 *Zab.* 54, where the road had been laid, but not opened, and a *mandamus* was allowed to compel payment of the award so that it might be opened.

Nor do the proceedings for vacation affect the matter.

If the township chooses to vacate the road, and thereby restore to the original owner the land free from any public easement, no provision of law exists whereby the award, once made, can be either canceled or recovered back.

As the prosecutor's right appears to us to be perfectly plain, there is no occasion for either a rule to show cause or an alternative writ, and a peremptory writ will accordingly be awarded.